## GRAVES *v.* ROUTH, Administrator.

Claims of creditors which have been presented to the administrator but have not been admitted to be due, and which have not been prosecuted by suit, afford no ground for withholding from the heir money in the hands of the administrator (stat. of 25 March, 1828, § 16); nor are such creditors entitled to notice of the demand of the heir to be put in possession.

A note not payable to order or bearer, is not prescribed by five years. C. C. 3505.

APPEAL from the District Court of Concordia, *Farrar*, J. *McWhorter*, *Thomas* and *Snyder*, for the plaintiff. *Stacy* and *Sparrow*, for the appellant. The judgment of the court was pronounced by

KING, J. The plaintiff, *Sarah Graves*, has instituted this action, as the sole beneficiary heir of *Disharoon*, to compel the defendant to render an account as administrator of the succession which has devolved upon her, and to pay over to her the balance appearing to be in his hands, together with the remaining assets of the succession. The defendant rendered his account, exhibiting demands of the succession still uncollected, and debts to a large amount unpaid; and, in his answer denied the right of the plaintiff to be put in possession, until the succession shall have been fully administered. Several oppositions were filed, and among the number was that of the administrator of *Ducker's* succession, who claimed to be a creditor for a large sum, and prayed judgment for the amount, to be paid in due course of administration. He also opposed the delivery of possession to the plaintiff, pending the litigation upon his claim.

*Ballard* also opposed the account, alleging that he was a creditor for the amount of two promissory notes, both of which had been recognized by the administrator to be due. To these notes the prescription of five years was opposed. The plaintiff having made no offer to furnish bond and security for the sums claimed by creditors which were still in suit, the district judge decreed that the administrator should retain in his hands a sum sufficient to pay the claims then pending upon oppositions, and to await the result of the litigation in relation to them. He also rendered a judgment in favor of *Ballard* for the amount of his notes, with interest computed at eight per cent, from the dates of their respective maturity.

The administrator has appealed. He contends that the plaintiff is not entitled to possession, in as much as there remain numerous claims of creditors unpaid. These claims have been presented to the administrator, and a list of them has been appended to his account, but they have not been acknowledged by him, nor been ordered to be paid, nor have suits been brought upon them. It is also contended that these alleged creditors should have been notified of

the heir's demand to be put in possession, that they might have claimed security before the delivery, and that no such notice has been given.

The statute of 1828 (Acts, p. 156, § 15), provides that the heir shall not be permitted to have actual delivery of any property of the succession claimed *which may be in suit*, or to receive the proceeds of any monies of the succession, when there shall be *claims thereon pending in court*, unless he previously gives good and sufficient security, if the plaintiffs in such suits require it.

The claims of creditors which have been presented to the administrator, but not admitted to be due, and which have never been prosecuted, can in no sense be considered as in suit, or as pending in court, merely because the administrator reports, in his account, the fact of their presentation, and can afford no ground for withholding from the heir monies in the hands of the administrator. If any creditors be entitled to notice of the demand of the heir, it certainly cannot be those who have acquiesced for years in the refusal of the administrator to admit the justice of their claims, and have manifested no intention to prosecute them. Those creditors have not appeared, and the administrator has no authority to interfere in their behalf. See *Succession of Fisk*, 3 Ann. 705.

But the plaintiff and defendant have asked that the judgment of the inferior court be amended, by rejecting one of the notes held by *Ballard*, which it is contended is extinguished by prescription. The note is not payable either to order or bearer, and is not subject to the prescription of five years. C. C. art. 3505. It is not pretended that any other prescription is applicable.

*Judgment affirmed.*